UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH WILLIAM LUSTER | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:18-CV-503-MN |
| | ) | |
| v. | ) | |
| | ) | *Electronically Filed* |
| PURACAP PHARMACEUTICAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF PLAINTIFF JOSEPH LUSTER FOR ENTRY
OF PARTIAL JUDGMENT UNDER FEDERAL RULE 54(B)**

Plaintiff Joseph Luster, by counsel, and for his Motion for Entry of Partial Judgment under Rule 54(b), states as follows:

**INTRODUCTION**

On June 9, 2020, this Court entered the Order at D.I. 99 granting, in part, Luster's Motion for Partial Summary Judgment (the "Order"), with respect to his claim against Defendant PuraCap Pharmaceutical, LLC ("PuraCap") to recover certain "Performance Compensation" due and owing to Luster and his former spouse, Sharon Luster ("Sharon"), under a Consulting Agreement.

Specifically, the Court granted summary judgment in favor of Luster to the extent his Motion was unopposed. (D.I. 99 at p. 2, n. 2). Indeed, PuraCap has openly admitted that Luster is entitled to a judgment as follows:

> In this action for breach of contract, Defendant finds itself in the unusual position of agreeing that partial summary judgment should be entered in Plaintiff's favor. This is not surprising given that PuraCap, since the very beginning of this lawsuit, has never disputed that it owes Plaintiff certain monthly fees, as well as bonuses referred to as Performance Compensation pursuant to the parties' consulting agreement.

*See* PuraCaps' Response to Luster's Motion for Partial Summary Judgment (D.I. 71 at p. 1). PuraCap went on to clarify that it does not dispute that it owes Luster $62,502 in base fees, as well as $1,719,115.28 in Performance Compensation through the end of December 31, 2019. *Id.*; Proposed Final Pre-Trial Order (D.I. 97 at p. 15, ¶ 40; p. 21, ¶ 85). While PuraCap admits that it owes at least these amounts to Luster, and a similar amount to Sharon, it has long claimed to be in a "precarious financial position." (D.I. 71 at p. 1).

Despite PuraCap's professed financial concerns, Luster had taken solace in the fact that the outstanding issues would be resolved in a June 2020 trial, with a final judgment to follow shortly thereafter. Unfortunately, through no fault of the Parties or the Court, the COVID-19 Pandemic has delayed the trial of this matter for nearly one year, until April 2021. Thus, final judgment in Luster's favor is no longer imminent and PuraCap continues to claim it cannot pay.

In view of these developments, Luster respectfully requests that the Court enter a partial judgment under Federal Rule of Civil Procedure 54(b) covering the undisputed amount owed under the Consulting Agreement ($3,500,732.57), with $1,781,617.28 payable to Luster, and the balance payable to Sharon at this time.[1] Not only have these amounts been finally adjudicated, there is no just reason for delay. Indeed, Luster ought to be able to immediately proceed with collection of all amounts owed under the Consulting Agreement that are not in dispute, rather than having to await a trial over such amounts.

## ANALYSIS

Rule 54(b), which governs the certification of final decisions in multiple claim actions, provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim,

---

[1] Luster and Sharon both reserve the right to pursue additional amounts owed by PuraCap at trial, over and above the $3,500,732.57 which PuraCap has admitted to owing in these proceedings.

2

>or when multiple parties are involved, the court may direct entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment.

Fed. R. Civ. P. 54(b). The Rule was designed "in an attempt to strike a balance between the universal undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Berckeley, Inv. Grp. Ltd. v. Colkitt*, 455 F.3d 195, 201-02 (3d Cir. 2006).

A decision to certify a final judgment under Rule 54(b) involves two separate findings: (1) there has been a final judgment on the merits, *i.e.*, an ultimate disposition of a cognizable claim for relief; and (2) there is no just reason for delay. *Id.* at 202. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. General Elec.*, 446 U.S. 1, 1 (1980).

## I.     THERE HAS BEEN A FINAL JUDGMENT ON THE MERITS.

When asked to certify a judgment under Rule 54(b), the Court must first determine that it is dealing with a "final judgment." *Id.* The Third Circuit has held that the "classic definition of a 'final decision' is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Esai Inc. v. Zurich Am. Ins. Co.*, No. 12-7208, 2015 U.S. Dist. LEXIS 1747 (D.N.J. Jan. 18, 2015) (citing *Morton Int'l Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 476 (3d Cir. 2006)). This finality requirement is often described as "serving the important purpose of promoting efficient judicial administration." *Weber v. McGrogan*, 939 F.3d 232, 236 (3d Cir. 2019).

For the purposes of this case, courts have routinely held that an order granting a motion for partial summary judgment is a final judgment for purposes of Rule 54(b). For example, in

*Stauffer Chemical Co. v. Keysor-Century Corp.*, this Court granted a plaintiff's motion for partial summary judgment and certified the ruling as final and appealable under Rule 54(b). 541 F. Supp. 234 (D. Del. 1982). Likewise, in *Berckeley Investment Group, Ltd. v. Colkitt*, the Third Circuit upheld the certification of an order granting partial summary judgment. 455 F.3d at 201.

Courts similarly hold that unopposed claims may constitute final judgments for purposes of Rule 54(b). Again, in *Stauffer Chemical Company*, the Court relied on the fact that the defendant was not disputing some of the claimed amounts owed to the plaintiff. 542 F. Supp. at 237. Indeed, the Court found that since "plaintiff's claim of $408,172.03 is undisputed, the motion of plaintiff for summary judgment in that amount should be granted." *Id.* The court then certified that order under Rule 54(b). *Id.*

Here, the Court granted Luster's Motion for Partial Summary Judgment on the "minimum 'Base Fees' for the three months requested," as well as certain unopposed amounts of Performance Compensation payments. (D.I. 99). In its Order, the Court specifically referenced the fact that the claim for those amounts is unopposed by PuraCap. *Id.* at n. 2. To be sure, PuraCap also admitted that "it has never disputed that it owes Plaintiff certain monthly fees." *See* PuraCap's Brief in Response to Plaintiff's Motion for Partial Summary Judgment (D.I. 71 at 1). With these facts in mind, it cannot be disputed that the merits of Luster's claims for (at least) three months of base fees and minimum Performance Compensation Payments are resolved, and there is nothing left for the Court to do other than execute the judgment. This constitutes a final judgment on the merits for purposes of Rule 54(b).

## II.  THERE IS NO JUST REASON FOR DELAY.

Upon a finding of finality, "the district court must go on to determine whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 1. In deciding whether there are no just reasons to delay an appeal, "a district court must take into account judicial administrative

interests as well as those equities involved." *Id.* "Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals." *Id.*

The Third Circuit has also articulated several factors a district court may consider in finding that there is no just reason for delay:

> (1) the relationship between the adjudicated and unadjudicated claims;
>
> (2) the possibility that the need for review might or might not be mooted by future developments in a district court;
>
> (3) the possibility that a reviewing court may be obliged to review the same issue a second time;
>
> (4) the presence or absence of a claim or counterclaim that could result in a set-off against the judgment sought to be made final; and
>
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expenses, and the like.

(the "*Berckeley* factors"). *Fidelity Bank Nat'l Assoc. v. Spectrum Leasing Corp.*, 640 F. Supp. 127, 131 (D. Del. 1986) (citing *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)). *See also Berckeley, Inv. Grp. Ltd. v. Colkitt*, 455 F.3d 195, 201-02 (3d Cir. 2006). As discussed below, these factors weigh in favor of certifying the Order.

### A. Certification of the Order will not undermine judicial administrative interests or create piecemeal appeals.

As an initial matter, concerns of piecemeal appeals are nonexistent in this situation. Indeed, Luster presents a unique situation in which he is not seeking certification of the Order for purposes of appealing. Rather, Luster seeks certification solely for purposes of executing the judgment before PuraCap is entirely insolvent. Accordingly, the administrative considerations that typically weigh against Rule 54(b) certification are inapplicable. *JHNY Corp. v. Dana*

*Corp.*, 2006 U.S. Dist. LEXIS 4013, *4 (E.D. Pa. Jan. 25, 2006) ("Perhaps more importantly, because plaintiff seeks certification not for the purpose of appeal, but, instead to collect the full amount of the final judgment, and because defendant has conceded liability and damages as to plaintiff's breach of contract claims, many of the administrative considerations that weigh against Rule 54(b) certification, such as the fear of redundant piecemeal appellate review, are simply inapplicable.").

Additionally, because PuraCap has admitted both liability and damages on the requested amounts no assignments of error exits for appellate review. Thus, certification of the Order will benefit judicial administrative interest, as it is likely to reduce the number of issues before the Court and expedite the resolution of this litigation. Indeed, even PuraCap has taken the position that entry of judgment in Luster's favor on the undisputed amounts will "eliminate most of the claims before the Court, and will greatly narrow the issues for trial." (D.I. 71 at 2).

PuraCap's admissions also support the second and third factors of the *Berckeley* analysis, which call for the consideration of repeated appellate review. Because it is unlikely that either party will appeal any alleged error on an unopposed claim, it is also unlikely that an appellate court "may be obliged to review the same issue a second time." *See Curtiss-Wright v. General Elec., Co.*, 597 F.2d 35, 36 (3d Cir. 1979) (noting that the district court considered the unopposed nature of the claims and finding that certification would not result in duplicative appellate review). Similarly, any need for review will not be mooted by future developments in this Court; this claim has been fully decided and any future developments will be unrelated to this issue. The second and third *Berckeley* factors weigh in favor of certifying the Order.

### B. The requested amounts are severable from the remaining claims.

The first *Berckeley* factor asks the court to consider the relationship between the adjudicated and unadjudicated claims. In analyzing this factor, courts have generally looked to

6

whether the finally adjudicated claim is separate or distinct from the unadjudicated claim. *Curtiss-Wright*, 446 U.S. at 6. This derives from Rule 54(b)'s requirement of the presence of "more than one claim for relief." *Id.*; Fed. R. Civ. P. 54(b).

The Third Circuit, however, has noted that "the question of what constitutes a claim for purposes of Rule 54(b) is nowhere precisely defined." *CBD & Sons Ltd. v. Setteducati*, No. 3:18-CV-4276-BRM-DEA, 2020 U.S. Dist. LEXIS 55595, *7 (D.N.J. Mar. 31, 2020) (citing *Sussex Drug Prods. v. Kanasco, Ltd.*, 920 F.2d 1150 (3d Cir. 1990) (other internal citations omitted)). Indeed, the Court of Appeals for the District of Columbia observed that "the process of drawing a line determining when a court has decided one of several claims or a single claim is 'obscure,'" while the Third Circuit Court of Appeals has stated that "uncertainty is the rule." *CBD & Sons Ltd.*, 2020 U.S. Dist. LEXIS 55595, at *7 (citing *Tolson v. U.S.*, 732 F.2d 998, 1001 (D.C. Cir. 1984); *Sussex Drug Prods.*, 920 F.2d at 1154). As a result, the decision is left to the discretion of the district court, "to be exercised in the interest of sound judicial administration." *Curtiss-Wright*, 446 U.S. at 6.

Due to the uncertain nature of what constitutes a claim, courts have interpreted it broadly and granted certification of partial summary judgments on undisputed categories of damages arising from the same transaction or occurrence as disputed categories of damages. For example, in *Entergy Nuclear Palisades, LLC v. United States*, the Federal Circuit upheld a Rule 54(b) certification of the undisputed damages on a breach of contract claim, while the disputed damages arising from the same claim continued to trial. 122 Fed. Cl. 225, 228 (Fed. Cir. 2015).

In opposition to the certification, the United States argued that "plaintiff's entire complaint [w]as one single claim for breach of contract, and therefore, the court cannot grant partial judgment until that claim is fully litigated." *Id.* The court rejected this argument, finding

that "the government's definition of 'claim' is overly restrictive, elevating form over substance, and does not comport with the case law addressing similar situations." *Id.* In explaining its certification decision, the court explained: "What remains to be resolved in this case . . . is the disputed portion of the damages over and above what the government has agreed to pay or has been finally ordered to pay. The government has not demonstrated in light of the cited precedent that the court erred in entering a judgment for the amount the government conceded that it owed on the grounds that the issues resolved by the concession did not qualify as a 'claim' under RCFC 54(b)." *Id.* at 229 (citing *Stockton E. Water Dist. v. U.S.*, 120 Fed. Cl. 80, 82-83 (2015); *Bell BCI Co. v. U.S.*, 91 Fed. Cl. 664, 666 (2010)).

Here, the Parties have already demonstrated the distinctions between the adjudicated and unadjudicated claims by way of the Proposed Final Pre-Trial Order. (D.I. 97). In the joint filing, PuraCap agreed to include the following statements:

> (1) PuraCap Labs does not dispute that Luster is entitled to $1,719,115.29 (half of $3,438,230.57) for Performance Compensation Payments through the end of 2019 (D.I. 79 at p. 15, ¶ 40; and
>
> (2) PuraCap Labs agrees that it owes Luster $62,502 total for Base Fees under the Consulting Agreement for November 2018, December 2018, and January 2019 (D.I. 79 at p. 21, ¶ 85).

Based on these admissions, the Statement of Contested Facts for the Consulting Agreement Action (D.I. 79 at pp. 21-22, ¶¶ 1-7) does not include a reference to the base fees or the unopposed amounts of Performance Compensation Payments. This is because those items have been fully adjudicated and are severable from other disputed amounts reserved for trial (i.e., what *else* does PuraCap owe Luster under the Consulting Agreement, if anything?).

To be sure, the facts and legal issues giving rise to the claims for base fees and the minimum Performance Compensation Payments are distinct from those issues remaining for

trial. The Parties anticipate trying the following factual issues: (1) whether PuraCap fulfilled its audit obligations by providing adequate and accurate financial documentation; (2) whether Luster is entitled to *additional* amounts in Performance Compensation Payments, above and beyond the undisputed amounts; and (3) whether PuraCap was permitted to terminate the Consulting Agreement for cause. Each of these issues require proof of facts different from those underlying the undisputed amounts and there is no possibility of conflicting determinations following the trial of this matter. *See Ga. Power Co. v. U.S.*, 143 Fed. Cl. 750 (Fed. Cl. 2019).

Finally, PuraCap has not asserted any counterclaims and the fourth *Berckeley* factor also weighs in favor of granting certification. *Berckeley, Inv. Grp. Ltd.*, 455 F.3d at 201-02 (the fourth factor considers "the presence or absence of a claim or counterclaim that could result in a set-off against the judgment sought to be made final.").

### C. PuraCap's ongoing financial distress also warrants certification of a partial judgment.

The final *Berckeley* factor allows the court to consider miscellaneous factors "such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expenses, and the like." *Id.* Presented with this opportunity, courts routinely consider the defendant's inability to satisfy the judgment at a later date, thereby prejudicing the plaintiff. *See, e.g.*, *Curtiss-Wright*, 446 U.S. at 13 (suggesting that Rule 54(b) certification is appropriate when defendant's precarious financial condition might impair plaintiff's ability to collect judgment at later date); *JHNY Corp. v. Dana Corp.*, 2006 U.S. Dist. LEXIS 4013, *3-4 (E.D. Pa. Jan 25, 2006) (granting Rule 54(b) certification where plaintiff provided reports questioning defendant's solvency).

While PuraCap has readily admitted that it owes Luster base fees and Performance Compensation Payments, it has repeatedly stated that the *sole* reason it failed to comply with its

contractual obligations is because of its "precarious financial situation."  Indeed, in its Response in Opposition to Luster's Motion for Partial Summary Judgment, PuraCap stated: "PuraCap, since the very beginning of this lawsuit, has never disputed that it owes Plaintiff certain monthly fees, as well as bonuses referred to as "Performance Compensation" pursuant to the terms of the parties' consulting agreement.  But given Defendant's precarious financial situation, it has been unable [to] pay the entire amount owed to Plaintiff . . ." (D.I. 71 at p. 1).  Again in the Proposed Final Pre-Trial Order, PuraCap stated: "PuraCap Labs contends that it does not have sufficient funds to pay all of the Performance Compensation Payments to Luster . . ." (D.I. 97 at p. 5).

Because PuraCap has admitted to certain liability and damages, and informed this Court of its "precarious financial position," there is no just reason to delay entry of a final judgment and allow Luster to begin collecting on the monies owed.

## CONCLUSION

For the foregoing reasons, Luster respectfully requests that this Court certify the Order at D.I. 99 as final and appealable under Rule 54(b) and allow Luster to begin execution of the judgment.  Proposed orders are tendered herewith.

| OF COUSNEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| | By: */s/ Brian C. Ralston* |
| Benjamin J. Lewis (admitted pro hac vice) | Brian C. Ralston (No. 3770) |
| Amanda L. Dohn (admitted pro hac vice) | Seth R. Tangman (No. 6467) |
| DENTONS BINGHAM GREENEBAUM LLP | Hercules Plaza, 6th Floor |
| 3500 PNC Tower | 1313 N. Market Street |
| 101 South Fifth Street | P.O. Box 951 |
| Louisville, Kentucky  40202 | Wilmington, DE  19801 |
| Telephone:  (502) 589-4200 | (302) 984-6000 |
| Fax:  (502) 587-3645 | bralston@potteranderson.com |
| E-mail:  Ben.lewis@dentons.com | stangman@potteranderson.com |
| Amanda.dohn@dentons.com | *Counsel for Joseph William Luster* |

Dated:  September 16, 2020

6871423