UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH WILLIAM LUSTER | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:18-CV-503-MN |
| | ) | |
| v. | ) | |
| | ) | *Electronically Filed* |
| PURACAP PHARMACEUTICAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |

### JUDGMENT IN FAVOR OF PLAINTIFF JOSEPH LUSTER

On Motion of Plaintiff Joseph Luster for Entry of Partial Judgment under Rule 54(b), the matter being fully briefed and the Court being otherwise sufficiently advised, the Court hereby finds as follows:

1. On June 9, 2020 this Court entered the Order at D.I. 99 granting, in part, Plaintiff's Motion for Partial Summary Judgment (the "Order");

2. The Order was entered to the extent the Motion for Partial Summary Judgment was unopposed by Defendant PuraCap Pharmaceutical, LLC;

3. Defendant does not dispute that it owes Plaintiff and non-party Sharon Luster $3,438,230.57 in Performance Compensation Payment in accordance with the terms of a Consulting Agreement entered into between Plaintiff and Defendant;

4. Neither Plaintiff nor Defendant dispute that the Consulting Agreement requires Defendant to disburse 50% of the Performance Compensation Payments to Plaintiff and 50% of the Performance Compensation Payments to Sharon Luster;

5. Accordingly, Defendant does not dispute that judgment should be entered in favor of Plaintiff on the claim for Performance Compensation Payments in the amount of $1,719,115.28;

6. Defendant also does not dispute that judgment should be entered in favor of Plaintiff on the claim for Base Fees in the amount of $62,502;

7. As a result of the uncontested nature of these damages, Plaintiff has asked the Court to enter Partial Judgment under Federal Rule of Civil Procedure 54(b);

8. Rule 54(b) grants this Court the discretion to certify as final and appealable certain final decisions in multiple claim actions;

9. In reviewing Plaintiff's Motion and the subsequent briefing, the Court has considered whether there has been a final judgment on the merits, and whether there is just cause for delay in entering a final partial judgment (*Curtiss-Wright Corp. v. General Elec.*, 446 U.S. 1 (1980));

10. The Court has found that the Order entered at D.I. 99 constitutes a final judgment on the merits, as it ends the litigation on the merits as it relates to the undisputed amounts and leaves nothing for the Court to do but execute the judgment (*Morton Int'l Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 476 (3d Cir. 2006));

11. The Court also finds that there is no just reason for delay in entering a final partial judgment on the undisputed amounts for several reasons, including, but not limited to, the following:

    (a) Plaintiff seeks certification of the Order for purposes of execution, not appeal. Therefore, administrative and policy concerns regarding piecemeal appeals are inapplicable (*JHNY Corp. v. Dana Corp.*, 2006 U.S. Dist. LEXIS 4013, *4 (E.D. Pa. Jan. 25, 2006));

    (b) Defendant has admitted both liability and damages in the undisputed amounts (*Id.*) which alleviates concerns of piecemeal appeals and ensures that future developments in this Court will not interfere with the entry of this Judgment (*Berckeley, Inv. Grp. Ltd. v. Colkitt*, 455 F.3d 195, 201-02 (3d Cir. 2006));

    (c) The adjudicated and unadjudicated claims are severable, evidenced, in part, by the statements proffered in the Parties' Proposed Final Pre-Trial Order

      (*Id. See also Entergy Nuclear Palisades, LLC v. United States*, 122 Fed. Cl. 225, 228 (Fed. Cir. 2015));

  (d) Defendant has not filed any counterclaims that require consideration (*Berckeley Inv. Grp. Ltd.*, 455 F.3d at 201-02); and

  (e) Defendant's "precarious financial position" might impair Plaintiff's ability to collect on the judgment if entry is delayed, thereby causing prejudice to Plaintiff;

12. In view of the foregoing, the Court finds that there is no just reason to delay entry of a final partial judgment on the undisputed amounts and **IT IS HEREBY ORDERED AND ADJUDGED THAT:**

13. The Court **AWARDS** damages to Plaintiff Joseph William Luster and against Defendant PuraCap Pharmaceuticals, LLC for breach of contract in the sum of $1,781,617.28;

14. Interest shall accrue on this judgment at the federal statutory rate;

15. All issues concerning the award of additional monies (if any), plus prejudgment interest, attorneys' fees, and costs shall be resolved following a trial on the remaining unadjudicated claims in this consolidated action;

16. This Judgment is entered without prejudice to any other claim or further amount sought by Plaintiff in the action.

There being no just reason for delay, this is a final and appealable Order and Judgment of this Court.

IT IS SO ORDERED this _____ day of _____, 2020.

              _____
              Judge Maryellen Noreika