## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| JOSEPH WILLIAM LUSTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: 1:18-cv-00503-MN |
| | : | |
| PURACAP LABORATORIES, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## [PROPOSED] ORDER

Pending before the Court is Plaintiff Joseph Williams Luster's Motion for Entry of Partial

Judgment Under Rule 54(b) (the "Motion").

The Court, having considered the Motion and the related briefing by both parties, is of

the opinion that the Motion should be **DENIED**.


SIGNED at Wilmington, Delaware, this _____ day of _____ 2020,

**BY THE COURT:**


_____

The Hon. Maryellen Noreika
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOSEPH WILLIAM LUSTER,

        Plaintiff,

   v.

PURACAP LABORATORIES, LLC,

        Defendant.

C.A. No.: 1:18-cv-00503-MN

---

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PARTIAL JUDGMENT UNDER RULE 54(B)

---

BLANK ROME LLP

*/s/ Adam V. Orlacchio*
Adam V. Orlacchio (ID No. 5520)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Orlacchio@BlankRome.com

*Attorney for Defendants*

Dated: September 30, 2020

## <u>TABLE OF CONTENTS</u>

**Page**

I.    STATEMENT OF NATURE AND STAGE OF PROCEEDING ................................... 1

II.   SUMMARY OF ARGUMENT.................................................................................... 1

III.  RELEVANT FACTUAL AND PROCEDURAL HISTORY.......................................... 2

IV.  ARGUMENT............................................................................................................. 4

     A.    Standard of Review.................................................................................. 4

     B.    The Court Has Already Considered—And Rejected—Plaintiff's
           Requested Relief..................................................................................... 5

     C.    Plaintiff Is Not Entitled to Entry of a Final Judgment Because the Court
           Has Not Made an Ultimate Disposition of Any Claim ...................................... 6

     D.    There Is No Need to Enter a Final Judgment Now............................................ 11

     E.    Plaintiff Does Not Have Standing to Assert Claims on Behalf of His Ex-
           Wife, Who is a Not a Party to This Action ...................................................... 14

V.    CONCLUSION AND RELIEF REQUESTED ........................................................... 15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Angelo v. NVR, Inc.*,
No. Civ.A. 18-523-RGA, 2019 U.S. Dist. LEXIS 40021 (D. Del. Mar. 12,
2019)...............................................................................................................14, 15

*Berckeley, Inv. Grp. Ltd. v. Colkitt*,
455 F.3d 195 (3d Cir. 2006) ........................................................................ 10

*Curtiss-Wright Corp. v. General Elec.*,
446 U.S. 1 (1980) .......................................................................................4, 11

*Entergy Nuclear Palisades, LLC v. United States*,
122 Fed. Cl. 225 (Fed. Cir. 2015) ...............................................................7, 8

*Esai Inc. v. Zurich Am. Ins. Co.*,
No. 12-7208, 2015 U.S. Dist. LEXIS 1747 (D.N.J. Jan. 18, 2015) .................... 11

*Fidelity Bank Nat'l Assoc. v. Spectrum Leasing Corp.*,
640 F. Supp. 127 (D. Del. 1986)................................................................11, 12

*Georgia Power Co. v. U.S.*,
143 Fed. Cl. 750 (Fed. Cl. 2019) .................................................................8, 9

*Houston Indus. v. United States*,
78 F.3d 564 (Fed. Cir. 1996) ........................................................................ 9

*Max's Seafood Cafe v. Quinteros*,
176 F.3d 669 (3d Cir. 1999) .......................................................................... 5

*Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*,
460 F.3d 470 (3d Cir. 2006) .......................................................................... 4

*Sears, Roebuck & Co. v. Mackey*,
351 U.S. 427 (1956).......................................................................................... 4

*Stauffer Chemical Co. v. Keysor-Century Corp.*,
541 F. Supp. 234 (D. Del. 1982)..................................................................... 10

*Sussex Drug Prods. v. Kanasco, Ltd.*,
920 F.2d 1150 (3d Cir. 1990) ........................................4, 5, 6, 7, 9, 12, 13

*Twp. of Lyndhurst v. Priceline.com Inc.*,
657 F.3d 148 (3d Cir. 2011) ........................................................................ 14

136366.00602/123874658v.3

**Other Authorities**

Fed. R. Civ. P. 54(b).............................................................................................................*passim*

Local Rule 7.1.5 ............................................................................................................... 5

## I.     STATEMENT OF NATURE AND STAGE OF PROCEEDING

Plaintiff Joseph William Luster ("Plaintiff") filed the present Motion for Entry of Partial Judgment Under Rule 54(b) (the "Motion") (D.I. 106), which Defendant PuraCap Laboratories, LLC ("Defendant") opposes for the reasons stated herein.

## II.     SUMMARY OF ARGUMENT

Last year, Plaintiff filed a motion for partial summary judgment on Count II of his Amended Complaint for breach of contract, arguing that he was entitled to "at least" a minimum amount of damages on that claim while reserving the right to seek more at trial.  While conceding Plaintiff's entitlement to some of the amounts identified, Defendant denied that there was any record evidence that would entitle him to additional damages at trial.  Recognizing this core dispute over damages, the Court granted in part and denied in part Plaintiff's motion for partial summary judgment, and did not identify a specific amount of damages that Plaintiff might be entitled to, let alone enter a judgment on that amount.

Now, more than three months after the Court issued its order—and without having identified any new evidence or law that might cause the Court to reconsider its prior decision not to enter a final award of damages—Plaintiff has filed the present Motion seeking to have that order certified pursuant to Federal Rule of Civil Procedure 54(b) as a "final judgment" on Count II of his Amended Complaint.  But Plaintiff cannot have it both ways.  He cannot on the one hand argue that a trial is necessary to assess his potential entitlement to additional damages on Count II—which belies any notion of the required finality—while at the same time contend that the Court can or should issue a final judgment on Count II (a count that also includes Plaintiff's allegation that Defendant wrongfully terminated his Consulting Agreement, which Defendant denies in its entirety and remains to be tried).

Indeed, the law cited by Plaintiff himself makes clear that Rule 54(b) judgments are reserved for instances in which a court has rendered its *ultimate disposition* on a claim in a case involving multiple claims.  This means that the court's decision must end the litigation with respect to that claim, leaving the court with nothing to do but execute the judgment.  That is the rule in the Third Circuit, and Plaintiff has not cited a single authority from within the Third Circuit to the contrary.  Because the Court has not yet determined the amount of damages that would be subject to such a judgment, there is no "final judgment" in this action for purposes of Rule 54(b), and Plaintiff's Motion should be denied on this basis alone.

Plaintiff also contends that there is no just reason to delay entry of judgment in this case because, among other things, Defendant's financial condition may make it difficult to collect on his judgment.  But Plaintiff has known about Defendant's financial situation for a long time and, as Defendant noted in opposing Plaintiff's motion for partial summary judgment, Defendant has made repeated offers to pay him over time in accordance with a scheduled payment plan. Plaintiff, however, has instead persisted with this litigation and created the disputed issue of fact for trial on the issue of damages.

Finally, even if Plaintiff could establish that he is entitled to a final judgment on Count II of his Amended Counterclaim—and he cannot given that he insists multiple components to Count II must still be resolved at trial—Plaintiff's Motion should still be denied to the extent it asks the Court to enter judgment against Defendant in favor of his ex-wife, Sharon Luster, who is not a party to this action.

## III.   RELEVANT FACTUAL AND PROCEDURAL HISTORY

Pursuant to the terms of a March 31, 2016 Consulting Agreement, Plaintiff agreed to provide a variety of consulting services to Defendant in exchange for a monthly fee of $20,834 (the "Base Fee") as well as certain "Performance Compensation."  *See* D.I. 59, Exhibit 2,

Consulting Agreement. The Performance Compensation includes a percentage of funds Defendant receives in connection with an agreement known as the "Journey Medical Contract," which is paid on a quarterly basis, and a percentage of funds Defendant receives in connection with "Additional Government Contracts." *Id.*, Schedule 2 at A-9 through A-11.

On December 13, 2019, Plaintiff filed a motion for partial summary judgment seeking "at least" $2,473,067 for Performance Compensation owed through the second quarter of 2019, and "at least" $62,502 for Base Fees owed for November 2018, December 2018, and January 2019. *See* D.I. 59, Plaintiffs' Br. Supp. Mot. Partial Summary Judgment. In response, Defendant explained that although it conceded these amounts were owed, Plaintiff's motion should be denied because, among other reasons, Plaintiff's argument that he might be entitled to additional Performance Compensation or Base Fees for these time periods was unsupported by any evidence of record. *See* D.I. 71, Defendants' Br. in Response to Mot. Partial Summary Judgment.[1]

This Court granted Plaintiff's motion in part and denied it in part, finding that although there was no dispute that Plaintiff was entitled to Base Fees for three months and "some Performance Compensation," there still existed a dispute over "the total amount of 'Base Fees' and 'Performance Compensation,'" and the Court found that "genuine issues of material fact exist as to the amounts of 'Performance Compensation' due in connection with Plaintiff's motion for partial summary judgment[.]" D.I. 99, June 9, 2020 Order ("June 9 Order") at 2. The Court's Order did not include any findings or conclusions regarding the total amount of damages to which Plaintiff might be entitled. *Id.* This is not surprising given that the total amount of

[1] On March 13, 2020, Defendant wrote to the Court to provide updated and corrected Performance Compensation amounts through the end of 2019. *See* D.I. 88, Mar. 13, 2020 Letter. The letter noted that $3,265,534.52 was owed in connection with the Journey Medical Contract and $172,696.05 was owed in connection with the Additional Government Contract. *Id.*

3

damages is still yet to be determined at trial, which precludes any application of Rule 54(b).

More than three months later on September 16, 2020, Plaintiff filed the present Motion asking the Court to render a final judgment on only that portion of his breach of contract claim for unpaid Performance Compensation and Base Fees, even though the Court previously refused to enter any judgment specifying a final damages award and even though Plaintiff himself continues to dispute the total amount of damages owed on that claim.

## IV.    **ARGUMENT**

### A.    **Standard of Review**

Federal Rule of Civil Procedure 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct entry of **final judgment as to one or more but fewer than all of _the claims_** or parties only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment.

Fed. R. Civ. P. 54(b) (emphasis added).  Pursuant to Rule 54(b),

> [a] district court must first determine that it is dealing with a "final judgment."  It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an _**ultimate disposition of an individual claim**_ entered in the course of a multiple claims action."

*Curtiss-Wright Corp. v. General Elec.*, 446 U.S. 1, 7 (1980) (emphasis added; quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).  **_"The classic definition of a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."_**  *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 476 (3d Cir. 2006) (emphasis added; citations and quotations omitted).  The Third Circuit has held that "[a]n order subject to revision by the district court in subsequent proceedings *before final judgment on all issues* is not an ultimate disposition of an individual claim within Rule 54(b)."  *Sussex*

4

*Drug Prods. v. Kanasco, Ltd.*, 920 F.2d 1150, 1154 (3d Cir. 1990) (emphasis added).  Here, there is no dispute that what Plaintiff seeks would <u>not</u> be the ultimate disposition on all issues relating to any remaining claim in this matter since, by Plaintiff's own admission, Count II cannot be resolved until after trial.

### B.    The Court Has Already Considered—And Rejected—Plaintiff's Requested Relief

As discussed above, Plaintiff already came before this Court asking to award him "at least" $2,473,067 for Performance Compensation owed through the second quarter of 2019, and "at least" $62,502 for Base Fees.  *See* D.I. 59, Plaintiffs' Br. Supp. Mot. Partial Summary Judgment.  But the Court declined to do so, instead finding that notwithstanding Defendant's concession that Plaintiff was entitled to some of the amounts he sought, "genuine issues of material fact exist as to the amounts of 'Performance Compensation' due in connection with Plaintiff's motion for partial judgment[.]" June 9 Order at 2.  Now, Plaintiff is essentially asking the Court to reconsider its prior Order *and* grant him a final judgment on the undisputed amounts.  However, because Plaintiff has failed to identify any new evidence or error of law that might cause the Court to change its decision, his Motion should be denied.  *See Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (recognizing that a court may grant reconsideration when the party can demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice") (citations omitted). [2]

---

[2] Indeed, Plaintiff likely did not characterize the present Motion as one seeking reconsideration because he knew he could not satisfy the high standard set forth by the Third Circuit—and because motions for reargument are sparingly granted by this Court and must be filed within 14 days of the Court's decision (*see* Local Rule 7.1.5)—but that is essentially the relief Plaintiff seeks now.

### C.   Plaintiff Is Not Entitled to Entry of a Final Judgment Because the Court Has Not Made an Ultimate Disposition of Any Single Claim

Plaintiff contends that because Defendant does not dispute at least *a portion* of the Base Fees and Performance Compensation owed, a final judgment should be entered with respect to that portion for purposes of Rule 54(b) both in his favor as well as in the favor of Sharon Luster, his ex-wife.  *See* Motion at 2 ("Luster respectfully requests that the Court enter a partial judgment under Federal Rule of Civil Procedure 54(b) covering the undisputed amount owed under the Consulting Agreement ($3,500,732.57), with $1,781,617.28 payable to Luster, and the balance payable to Sharon at this time.").  Plaintiff's argument is factually and legally infirm.

Notably, the Third Circuit has held that even when a complaint contains separate counts, a decision is <u>not</u> final for purpose of Rule 54(b) simply because the court rules on some of the counts in their entirety.  *Sussex*, 920 F.2d 1150.  In *Sussex*, the plaintiff had advanced four counts for breach of contract and various implied and express warranties, as well as a fifth count for fraud.  *Id.* at 1152.  Following a bench trial on damages, the district court entered compensatory damages on counts 1 through 4, but did not address the request for punitive damages in connection with count 5.  *Id.*  The district court granted a motion to certify pursuant to Rule 54(b), "concluding that the claim for fraud was discrete from those asserting breach of contract and warranty and that plaintiff had a legitimate concern about the collectability of the judgment against the corporate defendants."  *Id.*  The Third Circuit reversed, finding that "[w]hen liability rests on the same transaction or series of transactions, a count for punitive damages, although of a different order than compensatory damages, does not constitute a separate claim under Rule 54(b).  Rather, ***this is simply an example of an attempt to split a cause of action***."  *Id.* at 1155 (emphasis added).

Here, Plaintiff's characterization of the Court's June 9 Order granting in part and denying in part his breach of contract claim as a "final judgment" is an even more blatant "attempt to split a cause of action" than in *Sussex*.  In *Sussex*, several counts of the plaintiff's complaint had been fully adjudicated, but the Third Circuit *still* found that there was no final judgment for purposes of Rule 54(b) because the punitive damages the plaintiff sought in a separate count for fraud were part of the same transaction as the other counts.  In this case, there is even less "finality" than in *Sussex*, as not a single count of Plaintiff's Amended Complaint has been fully adjudicated.  Rather, as Plaintiff fully acknowledges (as this is the primary issue he alleges must still be tried) the total amount of compensatory damages Plaintiff seeks in Count II of his Amended Complaint for breach of contract has not yet been determined.  In addition, Count II also includes Plaintiff's allegation that Defendant wrongfully terminated his Consulting Agreement, and that he is entitled to additional damages as a result of that termination.  *See* D.I. 32, Am. Compl. ¶¶ 35-38.  Defendant disputes both liability and damages for this aspect of Plaintiff's breach of contract claim, creating yet another issue of disputed fact that precludes entry of a final judgment.  As such, the Court's June 9 Order is "an order subject to revision by the district court in subsequent proceedings before final judgment on all issues" and is "not an ultimate disposition of an individual claim within Rule 54(b)."  *Sussex*, 920 F.2d at 1154.

None of the decisions that Plaintiff cites in his Motion alter this conclusion.  Plaintiff relies exclusively upon a single case from the Court of Federal Claims, *Entergy Nuclear Palisades, LLC v. United States*, 122 Fed. Cl. 225 (Fed. Cir. 2015), in purported support of his position that a court may enter a *final* judgment that relates only to *a portion* of damages that are undisputed.  Motion at 7-8.  Of course, in light of the Third Circuit's holding in *Sussex*, *Entergy Nuclear Palisades* must be ignored to the extent it conflicts with that holding.  Moreover, there

7

were other factors not present here that guided the court's decision in *Entergy Nuclear Palisades*. For example, the court noted that a delay in payment was particularly problematic in that case because the plaintiff was not entitled to interest on its claim. *Entergy Nuclear Palisades*, 122 Fed. Cl. at 230 ("The court cannot ignore the fact that ENP will not be able to recover interest on the damages that the government has agreed it must pay, an issue which weighed heavily in favor of granting partial judgment at this time."). Here, Plaintiff *is* seeking interest, which is another component of his damages claim that remains unresolved and is further evidence that no final judgment exists here. In addition, *Entergy Nuclear Palisades* was a decision on a motion for reconsideration that the government filed after it failed to object to the proposed final judgment in the first instance. *Id.* at 225 ("On May 14, 2015, plaintiffs filed a proposed final judgment on the undisputed portion of the damages . . . and the government made no objection."). The court noted that "the government's failure to object demonstrates the lack of countervailing equitable interests to entering partial judgment." *Id.* at 230 n.4. Here, Defendant has never agreed that a final judgment could be entered if some portion of the total damages award was still to be left open for trial.

It is also important to emphasize that the Court of Federal Claims itself has questioned the holding of *Entergy Nuclear Palisades* in subsequent decisions. For example, in *Georgia Power Co. v. U.S.*, the court noted that there was a split within the Court of Federal Claims on whether a final judgment could be entered before the total amount of damages had been determined, and declined to certify an order pursuant to Rule 54(b):

> The court is also mindful, however, of the split in court decisions on this issue, as ably presented by the parties. After much consideration, **the court concludes that it cannot enter partial final judgment pursuant to RCFC 54(b)**. Without clear precedent resolving the ongoing disagreement as to the definition of the term "claim" as it is used in RCFC 54(b), the court hews

8

> closer to the Federal Circuit's articulated view in [*Houston Indus. v. United States*, 78 F.3d 564, 567 (Fed. Cir. 1996)], and considers the dry storage costs an individual issue within plaintiffs' claim for breach of contract.

143 Fed. Cl. 750, 757 (Fed. Cl. 2019) (emphasis added).  In the *Houston Industries* decision referenced in *Georgia Power Co.*, the Federal Circuit explained that "in order for Rule 54(b) to apply, the judgment **must be final** with respect to one or more claims. **The resolution of individual issues within a claim does not satisfy the requirements of Rule 54(b)**."  78 F.3d at 567 (emphasis added).  This further supports the conclusion that there is no "final judgment" here, as the undisputed amount of damages is simply one of the "individual issues" within Plaintiff's breach of contract claim, and there has not been a resolution of that claim in its entirety.  *See also Sussex*, 920 F.2d at 1154 ("An order subject to revision by the district court in subsequent proceedings ***before final judgment on all issues*** is not an ultimate disposition of an individual claim within Rule 54(b).") (emphasis added).

Notwithstanding that both the Third Circuit and the Federal Circuit have rejected Plaintiff's argument, he also contends that "courts have routinely held that an order granting a motion for partial summary judgment is a final judgment for purposes of Rule 54(b)."  Motion at 3.  But neither of the two cases cited by Plaintiff in connection with this argument involved a scenario, like the present action, where the plaintiff itself continued to dispute the final and total amount of damages owed.  First, in *Stauffer Chemical Co. v. Keysor-Century Corp.*, neither the plaintiff nor the defendant disputed the finality of the plaintiff's claim, including the amount owed.  541 F. Supp. 234, 236 (D. Del. 1982) ("[T]he amount of the claim of plaintiff is not disputed.").  In other words, there was no possibility that the damages might turn out to be different at trial, and so there was therefore nothing let for the court to do on the plaintiff's claim.  The defendant's only objection to certification under Rule 54(b) was that it had filed

counterclaims that had not yet been decided, but the court rejected this argument because "no possible relationship exists between the claim and the counterclaims." *Id.* Second, in *Berckeley, Inv. Grp. Ltd. v. Colkitt*, the Third Circuit addressed whether to affirm a final judgment with respect to "all claims" between the plaintiff and one the defendants, thereby leaving only claims involving the remaining defendant. 455 F.3d 195, 203-04 (3d Cir. 2006). Again, there was no dispute that a final decision had been rendered on the claims for which the plaintiff sought certification pursuant to Rule 54(b), including damages. In this case, the Court has already determined that the *finality* of Plaintiff's breach of contract claim cannot possibly be determined until trial. Thus, this case is different from both *Stauffer Chemical* and *Berckeley, Inv. Grp. Ltd* as it falls outside the plain scope of Rule 54(b), which only applies when "more than one claim for relief is presented" and the Court may direct a "final judgment as to one or more but fewer than all of the claims…" *See* Fed. R. Civ. P. 54(b). There is simply nothing in Rule 54(b) that entitles Plaintiff to a judgment for certain amounts owed on a claim that continues to be actively litigated.[3]

In sum, because the Court's June 9 Order on Plaintiff's motion for partial summary judgment is not a final decision that in any way resolves Plaintiff's breach of contract claim, it cannot possibly be considered a "final judgment" for purposes of Rule 54(b), and Plaintiff's Motion should be denied in its entirety.

---

[3] If Plaintiff's interpretation of Rule 54(b) were adopted, then presumably he would be entitled to seek an additional judgment every quarter until trial so long as PuraCap continues to receive revenue under the Journey Medical Contract. This would obviously fly in the face of any notion of judicial efficiency and the avoidance of piecemeal litigation. Such an interpretation would also discourage defendants from ever acknowledging that some portion of a debt might be owed while continuing to dispute the rest, which would reduce the likelihood of settlements.

10

**D.      There Is No Need to Enter a Final Judgment Now**

Because no final judgment exists on any claim in this case, the Court does not consider the second Rule 54(b) factor, which assesses whether there is any just reason for delaying entry of the requested judgment. *See Esai Inc. v. Zurich Am. Ins. Co.*, No. 12-7208, 2015 U.S. Dist. LEXIS 1747, *13 n.2 (D.N.J. Jan. 18, 2015) ("Because this Court believes that the June 30, 2014 Order is not 'final' for purposes of Rule 54(b), it need not address whether there is 'any just reason for delay,' and in fact declines to do so.") (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8)). Nevertheless, even if the Court were to address this issue, the facts of this case and applicable law weigh against entry of a final judgment now.

In arguing that there is no just reason for delay, Plaintiff relies upon many of the same positions he identified when contending that the Court's June 9 Order should be considered a final disposition of his breach of contract claim. For example, one of the factors courts may consider in deciding whether to delay entry of a final judgment is "the relationship between the adjudicated and unadjudicated claims." *Fidelity Bank Nat'l Assoc. v. Spectrum Leasing Corp.*, 640 F. Supp. 127, 131 (D. Del. 1986) (citations omitted).[4] In other words, if the adjudicated and unadjudicated claims are so interrelated, it makes sense, as a practical matter, not to enter a final judgment given that the interrelated claims remain unresolved. While Plaintiff attempts to characterize the undisputed amount of damages as a fully adjudicated "claim" that is somehow legally distinct from his purportedly separate "claim" for the disputed amount, *see* Motion at 6-9,

---

[4] Courts also may consider "the possibility that the need for review might or might not be mooted by future developments in a district court"; "the possibility that a reviewing court may be obliged to review the same issue a second time"; "the presence or absence of a claim or counterclaim that could result in a set-off against the judgment sought to be made final"; and "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expenses, and the like." *Id.* With the exception of the final factor, which is discussed below, none of these other factors apply here.

this argument falls flat given that *there is only one claim at issue here*—Count II of Plaintiff's Amended Complaint for breach of contract. The fact that some of the *issues* included within that claim are not disputed does not establish its finality given that other issues remain open and to be litigated at trial (e.g., calculation of the applicable Base Fees, whether additional Performance Compensation is owed, whether termination was proper, etc.). Stated simply, there is no adjudicated claim here at all that can be severed from the unadjudicated claims, which further weighs against entering judgment now.

Plaintiff also cites Defendant's precarious financial condition as a reason why a judgment must be entered now. *See* Motion at 9-10; *see also Fidelity Bank Nat'l Assoc.*, 640 F. Supp. at 131 (recognizing "economic and solvency considerations" as among the factors courts may consider in deciding whether to delay entry of judgment). However, Plaintiff has known about Defendant's financial position for a long time, and this issue does not warrant any change in the manner in which this case is litigated now. Indeed, in opposing Plaintiff's motion for partial summary judgment, Defendant explained that given its "precarious financial situation, it has been unable pay the entire amount owed to Plaintiff in a lump sum, and has therefore repeatedly offered to pay Plaintiff all amounts owed to him pursuant to an installment plan over time[,]" but Plaintiff nevertheless chose to persist with this litigation anyway. D.I. 71, Defendants' Br. in Response to Mot. Partial Summary Judgment at 1. Moreover, in the absence of a final judgment, Plaintiff's concern about Defendant's financial condition is irrelevant to the Rule 54(b) analysis. In *Sussex*, the district court noted the plaintiff's "legitimate concern about the collectability of

the judgment against the corporate defendants." 920 F.2d at 1152.   The Third Circuit nevertheless reversed the district court's decision given the absence of a final judgment.[5]

Finally, Plaintiff's complaints about delay ring hollow given that he is trying to have it both ways, arguing on the one hand that the Court should enter a final judgment while contending on the other hand that there is a disputed issue of fact for trial.  Specifically, in opposing Plaintiff's motion for partial summary judgment, Defendant explained that there was no record evidence that contradicted Defendant's calculations of the applicable Base Fees and Performance Compensation, nor was there any evidence that supported Plaintiff's position that he might possibly be entitled to more than the amounts Defendant had calculated.  *Id.* at 5-7.  But Plaintiff insisted—and continues to insist—that he might conceivably prove at trial that he and his ex-wife may be owed additional funds.  *See* Motion at 2 n.1 ("Luster and Sharon both reserve the right to pursue additional amounts owed by PuraCap at trial, over and above the $3,500,732.57 which PuraCap has admitted to owing in these proceedings.").  It remains entirely unclear how Plaintiff purports to carry his burden of proving additional damages at trial, given that he has not once identified a calculation of his Performance Compensation that differs from Defendant's.  Furthermore, to the extent that Plaintiff does try to somehow prove additional damages at trial—and Defendant disputes that he can—the Consulting Agreement requires the parties to submit such dispute to an independent accountant *and not the Court*.  *See* D.I. 59, Exhibit 2, Consulting Agreement, Schedule 2 at A-11, § 7(c) ("If Consultant and Company cannot resolve the applicable dispute to their mutual satisfaction, Consultant and Company shall

---

[5] In addition, during the recent September 23, 2020 hearing held in connection with various motions that were pending in this action and a related matter, the Court directed the parties to continue pursuing a plan for payment of the undisputed sums.  While Defendant believes the law prohibits the relief currently requested by Plaintiff, the Court should, at the very least, defer judgment on this Motion until after the parties have filed the submission requested by the Court next week.

engage the Independent Accountant to determine the appropriate Performance Compensation for the applicable period.").  As such, even if Plaintiff could adduce evidence at trial demonstrating potential entitlement to additional Performance Compensation—and he cannot because discovery is closed and he has failed to identify any such evidence—the parties would simply proceed to a dispute resolution procedure before an accountant.

In any event, having argued disputed issues of material fact exist that the Court identified in its June 9, 2020 Order granting and denying summary judgment in part, Plaintiff cannot now contend that a final judgment should be entered on some portion of his claim but not others, and that the Court's failure to do so now would somehow constitute unjust delay.  Accordingly, Plaintiff's Motion should be denied.

### E.       Plaintiff Does Not Have Standing to Assert Claims on Behalf of His Ex-Wife, Who is a Not a Party to This Action

In addition to requesting that the Court enter a final judgment pursuant to Rule 54(b) in his favor, Plaintiff also asks the Court to enter a similar judgment in favor of his ex-wife Sharon Luster.  *See* Motion at 2 ("Luster respectfully requests that the Court enter a partial judgment under Federal Rule of Civil Procedure 54(b) covering the undisputed amount owed under the Consulting Agreement ($3,500,732.57), with $1,781,617.28 payable to Luster, and the balance payable to Sharon at this time.").  However, Plaintiff's Motion does not explain what legal basis he has to seek relief on behalf of Ms. Luster, who is not a party to this action, and the general rule is that plaintiffs do not have standing to assert claims on behalf of non-parties.  *See, e.g.*, *Twp. of Lyndhurst v. Priceline.com Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party[.]") (citations and quotations omitted); *Angelo v. NVR, Inc.*, No. Civ.A. 18-523-RGA, 2019 U.S. Dist. LEXIS 40021, at *12 (D. Del. Mar. 12, 2019) ("The allegations concern harm suffered by Rosemary Angelo, not

Plaintiff.   Rosemary Angelo, however is not a party to this case and, therefore, Plaintiff lacks standing to raise claims on her behalf.") (citations omitted).

As such, even if the Court were inclined to grant some portion of Plaintiff's Motion, and it should not, it should nevertheless deny the portion of Plaintiff's Motion that asks the Court to enter a judgment in favor of Sharon Luster.

## V.   CONCLUSION AND RELIEF REQUESTED

For all of the foregoing reasons, the Court should deny Plaintiff's Motion.

BLANK ROME LLP

*/s/ Adam V. Orlacchio*
Adam V. Orlacchio (ID No. 5520)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Orlacchio@BlankRome.com

Dated:  September 30, 2020                    *Attorneys for Defendant*

15