UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH WILLIAM LUSTER | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:18-CV-503-MN |
| | ) | |
| v. | ) | |
| | ) | *Electronically Filed* |
| PURACAP PHARMACEUTICAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY OF PLAINTIFF JOSEPH LUSTER IN SUPPORT OF MOTION
FOR ENTRY OF PARTIAL JUDGMENT UNDER FEDERAL RULE 54(B)**

Plaintiff Joseph Luster, by counsel, and for his Reply in Support of his Motion for Entry of Partial Judgment under Rule 54(b), states as follows:

**INTRODUCTION**

The undisputed amounts owed to Luster under the Consulting Agreement have been due and owing for nearly three years. Because PuraCap has refused to make payment or otherwise offer a viable payment plan, Luster was forced to initiate the instant litigation. Since then, PuraCap has repeatedly admitted that it owes Luster the undisputed amounts. Nevertheless, Luster has not received any payment from PuraCap. Now, PuraCap seeks to delay entry of judgment on these undisputed amounts to continue avoiding its obligations to Luster.

Should PuraCap prevail in its efforts, Luster may not have a judgment on the undisputed amounts for years. Indeed, the trial for this matter is set for April 2021. Following the trial's conclusion, the parties will have the opportunity to appeal the matter to the Third Circuit, where the case may sit for another year or more. Depending on the outcome of an appeal, the parties may be forced to continue litigation on remand, further delaying the entry of a final judgment. In the interim, Luster's claim for the undisputed amounts will languish untouched in the trial court

as the parties litigate other matters. PuraCap will also be afforded additional opportunity to avoid its obligations to Luster. These reasons, as presented by PuraCap, are insufficient to support a denial of Luster's Motion. Accordingly, to avoid further delay and to help ensure that Luster receives payments he is entitled to, Luster's Motion should be granted.

## ANALYSIS

### A. Luster is not seeking reconsideration of the summary judgment order and PuraCap's attempt to impose a heightened burden is improper.

PuraCap spends considerable time in its Response improperly attempting to convert Luster's Rule 54(b) Motion for Certification into a Rule 59 or 60 Motion for Reconsideration. *See* Response at p. 5 ("[B]ecuase Plaintiff has failed to identify any new evidence or error of law that might cause the Court to change its decision, his Motion should be denied."). But certification of an otherwise interlocutory order under Rule 54(b) and reconsideration of a decision on the merits are distinct forms of relief, the latter of which Luster is not seeking. Indeed, the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). On the other hand, a Rule 54(b) certification serves to "strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Berckeley Inv. Grp. Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006). In other words, a motion for reconsideration is used to seek reversal or amendment of the substance or merits of a decision, while certification merely provides finality to the existing decision on the merits.

To be sure, parties routinely seek reconsideration or, *alternatively*, certification under Rule 54(b). *See, e.g.*, *Gerardi v. Pelullo*, 16 F.3d 1363 (3d Cir. 1994); *Diamond Triumph Auto Glass, Inc. v. Safelite Glass Corp.*, 2007 U.S. Dist. LEXIS 2094 (M.D. Pa. Jan. 11, 2007). And

the courts reviewing these requests apply different standards. When analyzing a motion for reargument or reconsideration, courts look to whether there is new evidence, an intervening change in the law, or a clear error of law that would change the decision on the merits. *OR v. Hunter*, 576 Fed. Appx. 106 (3d Cir. 2014). When reviewing a Rule 54(b) motion for certification, courts look to whether a final decision on the merits has already been made and whether there is reason to delay finalizing that decision. *Berckeley*, 455 F.3d at 202.

Here, Luster is not seeking a review of the decision on the merits. In fact, Luster agrees that the Court properly granted summary judgment on the undisputed amount. Accordingly, Luster is now seeking certification of the Order as final and appealable for the purposes on collecting on the monies owed by PuraCap.

Put simply, PuraCap has conflated Luster's request for certification with a motion for reargument or reconsideration in an attempt to place a higher burden on Luster. As a result, PuraCap includes arguments as to the merits of this Court's June 9, 2020 Order and seeks to force Luster to defend claims to be heard at trial. There is no such requirement for Rule 54(b) certification and Luster will not substantively address PuraCap's assertions as to irrelevant matters that will be tried before this Court.

### B. The undisputed amounts are severable from the disputed amounts.

PuraCap attempts to avoid immediate liability for the undisputed amounts by claiming that it is impossible to differentiate between the adjudicated and unadjudicated claims. Response at pp. 6-10. PuraCap's argument, however, ignores the fact that the parties have already differentiated the claims in the Proposed Final Pre-Trial Order. *See* (D.I. 97); Motion at pp. 8-9. For example, the parties informed the Court that the trial of this matter would involve a question of whether Luster is entitled to *additional* amounts in Performance Compensation Payments. *Id.*

3

PuraCap also primarily relies on one case that is factually distinct. *See* Response at p. 7 (citing *Sussex Drug Prods. Kanasco, Ltd.*, 920 F.2d 1150 (3d Cir. 1990). In *Sussex*, the court did not sever disputed claims from undisputed claims; rather, the court compared claims that *already went to trial* with those that had not gone to trial. *Sussex*, 920 F.2d at 1152. Certification of the former risked piecemeal appeals, because the claims were based on similar facts. *Id.* at 1156. Because the primary purpose of Rule 54(b) seeks to avoid piecemeal appeals, the certification was reversed. *Id.*

Further, the *Sussex* Court explicitly allows for many interpretations of what constitutes a claim, explaining: "A single definition of claim cannot resolve the variables presented by each case." *Id.* at 1154. The variable that PuraCap neglects to address is the undisputed nature of the claim at issue. This fact substantially alters the analysis because a court may sever the claims without the risk of burdening the appellate courts with piecemeal appeals. *Curtiss-Wright v. General Elec., Co.*, 597 F.2d 35, 36 (3d Cir. 1979) (noting that the district court considered the unopposed nature of the claims and finding that certification would not result in duplicative appellate review).

When a claim is undisputed, courts have been willing to enter partial final judgment because certification does not pose the same risks as when the resolved claim is disputed. *Stockton E. Water Dist. v. United States*, 120 Fed. Cl. 80, 82-83 (Fed. Cl. 2015) (where the Federal Circuit affirmed the trial court's entry of partial final judgment on a portion of damages in a breach of contract case that while the parties continued to litigate disputed damages below); *Bell BCI Corp. v. United States*, 91 Fed. Cl. 664, 666 (Fed. Cl. 2010) (accord). In doing so, courts have rejected arguments that a judgment on uncontested amounts must wait for a ruling on contested amounts. *See Conn. Yankee Atomic Power Co. v. United States*, 142 Fed. Cl. 87, 90

4

(Fed. Cl. 2019) ("The government's argument [against certification] makes little sense here where there will be continuing litigation for years on the same 'claim' for a continuing breach of the [] contract.").

Here too, further delay will only serve to benefit PuraCap in its continued avoidance of its obligations. If the Court were to deny Luster's Motion, the parties would not continue to litigate the undisputed amounts; the trial of this matter would not require a finding of liability on the undisputed amounts; and the trial outcome would not contradict a judgment of liability on the undisputed amounts. Accordingly, there is no reason to delay entry of judgment on the undisputed amounts.

### C. The *Berckeley* factors weigh in favor of granting finality certification.

In addressing the *Berckeley* factors, PuraCap makes only two points: (1) the adjudicated claim cannot be severed from the unadjudicated claims (address above at Section II); and (2) PuraCap's "precarious financial condition" is irrelevant because it has allegedly had solvency issues for quite some time. Response at p. 12. PuraCap otherwise buries the remaining *Berckeley* factors in a footnote accompanied by an assertion that they are irrelevant. *Id.* at p. 11 (citing the following factors: "the possibility that the need for review might or might not be mooted by future developments in a district court"; "the possibility that a reviewing court may be obliged to review the same issue a second time"; and "the presence or absence of a claim or counterclaim that could result in a set-off against the judgment sought to be made final"). Because these remaining factors address potential appellate concerns, PuraCap seemingly agrees that entry of partial judgment does not create the risk of piecemeal appeal. These factors, then, are not irrelevant; they weigh in favor of finalizing the partial judgment.

PuraCap also attempts to minimize the effect of its admittedly precarious financial position by claiming it does not warrant a change in the litigation because the parties have known

about PuraCap's financial position for a long time. *Id.* at p. 12. To the contrary, PuraCap's alleged ongoing solvency issues are exactly why Luster is seeking entry of partial judgment. As recently as the date of this Reply, PuraCap informed undersigned counsel and the Court that it is "actively trying to find a way to pay the past due Performance Compensation at issue in this action but, given its current financial condition, it is still unable to commit to specific terms or a timeframe for payment of those funds, which remain outstanding." *See* D.I. 110. But yet, when the undersigned asked PuraCap if it had attempted to borrow money to pay what it owes to Luster, its counsel did not know. And when asked why PuraCap was investing in new ventures, through significant research and development expenditures during the course of this litigation, again PuraCap's counsel had no explanation.

Plainly, PuraCap acknowledges its liabilities but has taken no action to begin paying Luster the undisputed amounts. Even after the Court Ordered the parties to negotiate a payment plan, PuraCap claimed its financial condition is so dire that it cannot commit to any timeframe for payment. Contrary to PuraCap, "inability to pay is not a defense to an action on contract." *Hall v. Wisconsin Life Ins. Co.*, 201 N.W. 732, 733 (Wis. 1925).

### D.  The Court may properly enter judgment in favor of Sharon Luster.

Finally, PuraCap contends that the Court may not enter judgment in favor of Sharon Luster because she is not a party to the matter.

Under the doctrine of res judicata, "a person may be bound by a judgment even though not a party if one of the parties to the suit so closely aligned with his interests as to be his virtual representative." *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 719 (5th Cir. 1975) (citing *Chicago, R.I. & P. Ry. Co. v. Schendel*, 270 U.S. 611, 618 (1926); *Heckman v. United States*, 224 U.S. 413, 445-46 (1912); *United States v. City of Philadelphia*, 140 F.2d 406, 408 (3d Cir. 1944). A court may also bind a non-party if the non-party agrees to be bound by an adjudication

of issues between others. *See* Restatement (Second) of Judgments § 62 and § 40 (citing *Sampson v. Sony Corp of America*, 434 F.2d 312 (2d Cir. 1970); *Humphreys v. Tann*, 487 F.2d

First, "[t]he question of whether a party's interests in a case are virtually representative of the interests of a nonparty is one of fact for the trial court." *Aerojet-General Corp.*, 511 F.2d at 719 (citing *Astron Indus. Assoc., Inc. v. Chrysler Motors Corp.*, 405 F.2d 958, 961 (5th Cir. 1968). Sharon Luster and Plaintiff have identical interests in this matter – PuraCap owes both individuals a sum of money pursuant to a contract and Ms. and Mr. Luster are interested in recouping the money owed.

Second, Sharon Luster has consented to the Court's entry of a judgment in her favor. *See* Consent to Judgment at Exhibit 1 hereto. Indeed, Ms. Luster has reviewed Mr. Luster's Motion for Entry of Partial Judgment, as well as the Proposed Judgment in her favor, and consented to the entry of the judgment. This alleviates any doubt the Court or PuraCap may have about Ms. Luster's position on the matter or the close alignment of Ms. and Mr. Luster's interests.

Finally, the Court's entry of judgment in favor of Ms. Luster would operate as a bar to future litigation brought by Ms. Luster against PuraCap for the same claims resolved by the judgment. *Aerojet-General Corp.*, 511 F.2d at 719. Thus, PuraCap need not be concerned about facing future litigation from Ms. Luster over the same amount at issue in the present Motion.

## **CONCLUSION**

For the foregoing reasons, in addition to those set out in Luster's Motion for Entry of Partial Judgment under Rule 54(b) (D.I. 106), Luster respectfully requests that the Court enter partial judgment on the undisputed amounts of the breach of contract claim.

OF COUSNEL:

Benjamin J. Lewis (admitted pro hac vice)
Amanda L. Dohn (admitted pro hac vice)
DENTONS BINGHAM GREENEBAUM LLP
3500 PNC Tower
101 South Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 589-4200
Fax: (502) 587-3645
E-mail: Ben.lewis@dentons.com
        Amanda.dohn@dentons.com

6898000

POTTER ANDERSON & CORROON LLP

By: */s/ Brian C. Ralston*
    Brian C. Ralston (No. 3770)
    Seth R. Tangman (No. 6467)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19801
    (302) 984-6000
    bralston@potteranderson.com
    stangman@potteranderson.com

*Counsel for Joseph William Luster*