IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH WILLIAM LUSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-503 (MN) |
| | ) |
| PURACAP LABORATORIES, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Brian C. Ralston, Jacob R. Kirkham, POTTER ANDERSON & CORROON LLP, Wilmington, DE – Attorneys for Plaintiff

David A. Dorey, Adam V. Orlacchio, BLANK ROME LLP, Wilmington, DE – Attorneys for Defendant

January 29, 2021
Wilmington, Delaware



**NOREIKA, U.S. DISTRICT JUDGE**:

Pending before the Court is the motion of Plaintiff Joseph William Luster ("Plaintiff") for entry of partial judgment against Defendant PuraCap Laboratories, LLC ("PuraCap") pursuant to Fed. R. Civ. P. 54(b). (D.I. 106). PuraCap opposes the motion, (D.I. 109), and Plaintiff filed a reply in further support of the motion, (D.I. 111). For the reasons set forth below, the Court will DENY the motion.

## I.    BACKGROUND

### A.    Factual Background

This case relates to a Consulting Agreement dated March 31, 2016, pursuant to which Plaintiff agreed to provide consulting services to PuraCap. (D.I. 97 ¶ 30). The Consulting Agreement provided that Plaintiff would receive a monthly payment of $20,834.00 ("Base Fee(s)") as well as additional "Performance Compensation Payments." (*Id.* ¶ 34). The parties agree that Plaintiff is entitled to $62,502 for Base Fees. (*Id.* ¶ 85). They further agree that PuraCap owes a total of $3,438,230.57 in Performance Compensation Payments, although PuraCap claims that only 50% of this amount ($1,719,115.28) is payable to Plaintiff, while the remaining 50% must be paid to Plaintiff's ex-wife.[1] (*Id.* ¶ 83). There is an ongoing dispute as to whether Plaintiff is entitled to additional amounts under the Consulting Agreement. (*Id.* ¶¶ 5–6).

Although PuraCap does not dispute that Plaintiff is entitled to $1,781,617.28 for Base Fees and his share of the Performance Compensation, it has not made any payments towards this balance due to its purported "precarious financial condition." (*See, e.g.*, D.I. 71 at 1, D.I. 12, D.I. 110 at 1).

---

[1]    Plaintiff's ex-wife, Sharon Bigay Luster, is not currently a party to this action. On January 20, 2021, she had filed a motion to intervene. (D.I. 112). That motion is pending.

B. **Procedural Background**

On March 8, 2019, Plaintiff filed the First Amended Complaint (D.I. 32), which alleged two claims: (1) specific performance compelling PuraCap to provide Plaintiff with books and records related to the calculation of his Performance Compensation; and (2) breach of contract for failure to pay Plaintiff the Performance Compensation purportedly owed. (D.I. 32 ¶¶ 24–40). On June 9, 2020, the Court granted-in-part and denied-in-part Plaintiff's motion for partial summary judgment (D.I. 58), finding that genuine issues of material fact exist as to the amounts of Performance Compensation Payments due to Plaintiff. (D.I. 99 at 2). The motion was granted to the extent that there was no dispute that Plaintiff was entitled to Base Fees for three months and some yet to be determined amount of Performance Compensation. (*Id.* at 2 n.2).

On September 16, 2020, Plaintiff filed the present motion, asking the Court to enter a partial judgment "covering the undisputed amount owed under the Consulting Agreement ($3,500,732.57), with $1,781,617.28 payable to [Plaintiff], and the balance payable to [Plaintiff's ex-wife]." (D.I. 106 at 2). The motion specifies that Plaintiff and his ex-wife "both reserve the right to pursue additional amounts owed by PuraCap at trial, over and above the $3,500,732.57 which PuraCap has admitted to owing in these proceedings." (*Id.* at 2 n.1).

## II. LEGAL STANDARD

A. **Standard Pursuant to Rule 54(b)**

Rule 54(b) provides that:

> "[w]hen an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

Fed. R. Civ. P. 54. Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties."

2

*Allis–Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 363 (3d Cir. 1975). "Certification of a judgment as final under Rule 54(b) is the exception, not the rule" and should be granted "only in the infrequent harsh case." *Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 220 (3d Cir. 2012) (internal quotation marks omitted). The decision to certify is left to the judicial discretion of the trial court. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980). "[T]he burden is on the party seeking final certification to convince the district court that the case is the 'infrequent harsh case' meriting a favorable exercise of discretion." *Allis–Chalmers*, 521 F.2d at 365.

When determining whether to certify a judgment as final under Rule 54(b), the Court must (1) determine whether there has been "a final judgment on the merits" and, if so, (2) determine and expressly state that there is "no just reason for delay." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006); *Elliott*, 682 F.3d at 224 (requiring express statement). A final judgment within the meaning of Rule 54(b) is one which is "a decision upon a cognizable claim for relief" and is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp.*, 446 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). The Third Circuit has suggested several factors that courts should consider when evaluating whether there is "just reason for delay":

> (1) the relationship between the adjudicated and unadjudicated claims;
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
> (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley*, 455 F.3d at 203 (citing *Allis–Chalmers,* 521 F.2d at 364).

## III. DISCUSSION

Plaintiff argues that entry of partial judgment is proper because (1) the grant-in-part of his motion for partial summary judgment (D.I. 99) constitutes a "final judgment" within the meaning of Rule 54(b), (D.I. 106 at 3–4), and (2) based on factors laid out in *Berckeley*, there is no just reason for delay, (*id.* at 5). In response, PuraCap asserts that there has not been a final judgment on any of the claims in this case, which precludes application of Rule 54(b). (D.I. 109 at 6).

A final judgment is one which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988); *see also Sussex Drug Prod. v. Kanasco, Ltd.*, 920 F.2d 1150, 1153 (3d Cir. 1990) (applying definition from 28 U.S.C. § 1291 in Rule 54(b) case). In the Rule 54(b) context, the decision must reach the "requisite degree of finality as to an individual claim in a multiclaim action." *Sussex*, 920 F.2d at 1154. There is no definitive test to determine what constitutes an individual claim, although the Supreme Court has noted that "a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief." *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976); *see Sussex*, 920 F.2d at 1154. The Third Circuit has warned that "a court should be particularly cautious in certifying as final a judgment on a claim which is not truly distinct from the claims on remaining issues, for even if the certified judgment is inherently final, the facts underlying the claim resulting in that judgment may be intertwined with the remaining issues." *Gerardi v. Pelullo*, 16 F.3d 1363, 1372 (3d Cir. 1994).

This Court's decision granting-in-part Plaintiff's motion for partial summary judgment (D.I. 99) did not ultimately dispose of an individual claim. The judgment regarding the undisputed Base Fees and some portion of Performance Compensation Payments is based on the same legal

4

right – the money owed under the Consulting Agreement – as Plaintiff's remaining claims to other amounts owed by PuraCap. Further, the Court expressly found that "genuine issues of material fact exist[ed] as to the amounts of 'Performance Compensation.'" (D.I. 99 at 2). The facts underlying the undisputed amounts are necessarily intertwined with the remaining disputes, which precludes application of Rule 54(b). *See Gerardi*, 16 F.3d at 1372.

Plaintiff further argues that Rule 54(b) applies here because the resolved claim is undisputed. (D.I. 111 at 4). Yet, the judgment amount Plaintiff requests is itself the subject of dispute. Plaintiff has asked for a partial judgment "covering the undisputed amount owed under the Consulting Agreement ($3,500,732.57), with $1,781,617.28 payable to [Plaintiff], and the balance payable to Sharon [Luster]." (D.I. 106 at 2). The Court's order granting-in-part Plaintiff's motion for partial summary judgment, however, granted the motion only "as to Plaintiff's entitlement to some *yet to be determined amount* for 'Performance Compensation.'" (D.I. 99 at 2 (emphasis added)). Although Plaintiff asserts that the undisputed amount owed is $3,500,732.57, PuraCap has previously disputed Plaintiff's right to collect the portion of the balance that is owed to Sharon Luster. (*See* D.I. 71 at 4–5, D.I. 97 ¶ 83). In its opposition to the pending motion, PuraCap further disputes Plaintiff's standing to request entry of a judgment awarding $1,719,115.28 to Sharon Luster. (*See* D.I. 109 at 14–15). Although the Court does not reach the merits of PuraCap's standing argument, the challenge itself shows that Plaintiff's motion does not address a final judgment which "leaves nothing for the court to do but execute the judgment." *Gulfstream*, 485 U.S. at 275.

Thus, there has not been a final judgment on any of the claims in this case, which precludes application of Rule 54(b).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Plaintiff's motion for entry of partial judgment is DENIED. An appropriate order will follow.