# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH WILLIAM LUSTER, </br></br>    Plaintiff, </br></br>and </br></br>SHARON BIGAY LUSTER, </br></br>    Plaintiff-Intervenor, </br></br>v. </br></br>PURACAP LABORATORIES, LLC, </br></br>    Defendant. | C.A. No. 18-503-MN-JLH |
| JHL PHARMACEUTICALS, LLC, f/k/a BLU PHARMACEUTICALS, LLC, and BLU CARIBE, INC., </br></br>    Plaintiffs, </br></br>v. </br></br>PURACAP LABORATORIES, LLC, AND CARIBE HOLDINGS (CAYMAN) CO., LTD., </br></br>    Defendants/Counterclaimants. | C.A. No. 18-553-MN-JLH |
| JOSEPH WILLIAM LUSTER, </br></br>    Plaintiff, </br></br>v. </br></br>PURACAP PHARMACEUTICAL, LLC, </br></br>    Defendant. | C.A. No. 19-1522-MN-JLH |

## **MEMORANDUM OPINION**

Brian C. Ralston, POTTER ANDERSON CORROON LLP, Wilmington, Delaware.  Attorneys for Proposed Intervenors Dentons Bingham Greenebaum LLP, Potter Anderson Corroon LLP, and Wyatt Tarrant & Combs LLP.


James G. Gorman III, Adam V. Orlacchio, BLANK ROME LLP, Wilmington, Delaware.  Attorneys for Defendants/Counterclaimants Puracap Laboratories, LLC, Caribe Holdings (Cayman) Co., Ltd., and Puracap Pharmaceutical, LLC.

**JENNIFER L. HALL, U.S. MAGISTRATE JUDGE**

The Court previously held that the parties in these related cases had an enforceable settlement agreement that resolved all pending claims. Defendants paid the balance of what they owed Plaintiffs under the settlement agreement, and the Court closed the cases. That was months ago.

Apparently, Plaintiffs never paid their attorneys. Those attorneys now seek to intervene to assert a "charging lien" over what they say are the settlement proceeds. This is the Court's ruling on the Motion to Intervene and Assert Charging Lien filed by the law firms of Dentons Bingham Greenebaum LLP, Potter Anderson Corroon LLP, and Wyatt Tarrant & Combs LLP (collectively, "the Moving Firms") (C.A. No. 18-503, D.I. 171; C.A. No. 18-553, D.I. 142; C.A. No. 19-1522, D.I. 69).[1] For the reasons stated below, the motion is DENIED.

**I.     BACKGROUND**

In the last chapter of this tortuous saga, the Court held that the parties had an enforceable settlement agreement and that Defendants had already paid what was owed under that agreement. *Luster v. PuraCap Lab'ys, LLC,* Nos. 18-503-MN-JLH, 18-553-MN-JLH, 19-1522-MN-JLH, 2021 WL 7209537, at *1 (D. Del. Dec. 1, 2021) (granting-in-part Defendants' motion to enforce the settlement agreement and denying Plaintiff Luster's motions for attorney's fees). In an attempt to keep this epilogue brief, familiarity with the Court's prior opinions will be presumed. *See id.*; *see also id.*, 2021 WL 9598625, at *1 (D. Del. Feb. 17, 2021); *id.*, 2021 WL 311256, at *3 (D. Del. Jan. 29, 2021); *id.*, 2018 WL 6492583, at *1 (D. Del. Dec. 10, 2018).

---

[1] The motion was referred to me on August 3, 2022. (C.A. No. 18-503, D.I. 185; C.A. No. 18-553, D.I. 156; C.A. No. 19-1522, D.I. 83.)

3

The following additional facts are pertinent to this motion. Plaintiffs originally retained Wyatt Tarrant & Combs LLP as outside counsel and Potter Anderson Corroon LLP as Delaware counsel. In April 2020, Wyatt withdrew from the representations because Plaintiffs failed to pay their legal bills. Dentons Bingham Greenebaum LLP substituted in as outside counsel. On September 23, 2021, after Defendants' motion to enforce the settlement agreement had been fully briefed, but before the Court ruled, Dentons and Potter filed a motion to withdraw because Plaintiffs had failed to pay them too. On December 1, 2021, the Court granted-in-part Defendants' motion to enforce the settlement agreement and (1) dismissed C.A. No. 18-553, and (2) entered an order that Defendants were relieved from the satisfied consent judgments in C.A. Nos. 18-503 and 19-1522. *Id.*, 2021 WL 7209537, at *7. The Court's opinion also acknowledged the parties' agreement that Plaintiff Luster could contact the Court for an order directing payment if future Performance Compensation Payments due to him under the Consulting Agreement were not timely paid. *Id.* at *3. The Court granted Potter and Dentons's motion to withdraw later that same day.

The Moving Firms filed the pending motion on July 13, 2022, more than seven months after the Court held that Defendants had satisfied their financial obligations under the settlement agreement, and well over a year after Defendants made the final payment due under the settlement agreement. The Moving Firms contend that they are owed $223,058.09 in unpaid legal bills and expert and consulting fees, and they seek intervention to assert a charging lien.

The Moving Firms do not dispute that Defendants have already made the payments contemplated by the settlement agreement and that those funds are no longer under the control of the Court. However, the Moving Firms point out that Defendants will likely in the future make "substantial" Performance Compensation Payments to Plaintiff Luster pursuant to the Consulting Agreement. The Moving Firms purport to be asking for a charging lien on those payments—which

4

are not yet due and are contingent on PuraCap Labs's future quarterly revenues—but what the Moving Firms really appear to be asking for is an order of garnishment.

Defendants oppose. Defendants contend that there are no settlement funds to which the Moving Firms' lien could attach. Defendants also argue that the motion is untimely and that they are prejudiced by being dragged into a dispute between Plaintiff Luster and his attorneys that Defendants have nothing to do with.

Plaintiffs have not responded to the motion.

## II.  LEGAL STANDARDS[2]

The Moving Firms request intervention under Federal Rule of Civil Procedure 24. That Rule provides two mechanisms for third-party intervention: intervention as of right and permissive intervention. Fed. R. Civ. P. 24. Under Rule 24(a)(2), the court must permit intervention as of right to a third-party who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Third Circuit has interpreted Rule 24(a) to impose four requirements: (1) the application for intervention must be timely; (2) the applicant must have a sufficient interest in the litigation; (3) that interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation. *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987).

---

[2] The Court's December 1, 2021 order retained jurisdiction over disputes arising from the settlement agreement. *Luster*, 2021 WL 7209537, at *8. The Court assumes (without deciding) that it has ancillary enforcement jurisdiction to consider the Moving Firms' request for an attorney's charging lien. *Butt v. United Bhd. Of Carpenters & Joiners of Am.*, 999 F.3d 882, 889 (3d Cir. 2021) (holding that district court's exercise of ancillary jurisdiction to resolve a dispute over an attorney's charging lien was appropriate "even after disposition of the underlying case where jurisdiction was not explicitly retained").

Alternatively, the court can exercise its discretion to authorize permissive intervention under Rule 24(b) where the applicant makes a "timely motion" and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The decision whether to grant permissive intervention is "highly discretionary." *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992). In exercising its discretion, the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

### III. DISCUSSION

#### A. Rule 24(a) intervention as of right

The Moving Firms are not entitled to intervention as of right. Even if their motion to intervene were timely (which is questionable), and even if they did have a right under Delaware law to assert a charging lien over future Performance Compensation Payments owing to Plaintiff under the Consulting Agreement (also questionable),[3] the Court is unpersuaded that the Moving

---

[3] An attorney's charging lien is a common law "equitable right to have costs advanced and attorney's fees secured by the judgment entered in the suit wherein the costs were advanced and the fee earned." *Katten Muchin Rosenman LLP v. Sutherland*, 153 A.3d 722, 723, 726 (Del. 2017); *Doroshow, Pasquale, Krawitz & Bhaya v. Nanticoke Mem'l Hosp., Inc.*, 36 A.3d 336, 340–42 (Del. 2012). Whether an attorney's charging lien will attach to a given recovery is a matter of state contract law. *Novinger v. E.I. DuPont de Nemours & Co., Inc.*, 809 F.2d 212, 217 (3d Cir. 1987).

Although the precise contours of the Delaware equitable right to an attorney's charging lien are not entirely pellucid, two principles are instructive here. First, the unpaid fees must "ar[i]se from the same litigation that produced the benefits" to the party. *Katten*, 153 A.3d at 726; *see also Capstack Nashville 3 v. Ned H. Cohen*, 2022 WL 13737252 (Table), at *1–3 (Del. Oct. 24, 2022) (holding that "a law firm may assert an attorney's charging lien for services rendered against a settlement fund that the client recovers through litigation, but which was not incorporated into a judgment, judicial decree, or court-ordered award"); *see also* 7A C.J.S. *Attorney & Client* § 540 (2022) ("An attorney's right to collect out of the funds or property the attorney collects for the client is premised on the theory that it is the attorney who has created the fund out of which the attorney is paid by the attorney's efforts; thus, an attorney has no lien upon a fund to which the attorney is not instrumental in creating and which never came into the attorney's hands.").

Firms have "a sufficient interest in the litigation" or that it "might become affected or impaired . . . by disposition of the action in their absence." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366, 368 (3d Cir. 1995).

For one thing, the Moving Firms' interests are mere economic interests in receiving payment for work already performed, which are insufficient to support intervention. *Cf. Mountain Top*, 72 F.3d at 366 ("In general, a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene."); *see also Gov't of Virgin Islands v. Lansdale*, No. 2001-157, 2010 WL 2991053, at *2 (D.V.I. July 26, 2010) (concluding that former attorney's interest in unpaid hourly fees is "merely economic and as such, does not constitute an interest sufficient for intervention under Rule 24(a)").

---

Second, the attorney's charging lien requires an available fund, recovered by the attorney in the litigation, for the lien to attach to. *Ramunno & Ramunno, P.A. v. Potter*, No. N14C-12-077, 2016 WL 2844441, at *1–2 (Del. Super. Ct. May 10, 2016) ("[A]n attorney has a right to an attorney's charging lien for services rendered provided there is a fund from which the attorney may recover."); *Doroshow*, 36 A.3d at 340 (defining a charging lien as "the right of an attorney at law to recover compensation for his services from a fund recovered by his aid"); *see also In re Cmty. Bank of N. Va. Mort. Lending Practices Litig.*, 911 F.3d 666, 673 (3d Cir. 2018) (vacating the trial court's order granting an attorney's charging lien because, among other reasons, "the funds have been distributed and thus the District Court had no control over them"); 7A C.J.S. *Attorney & Client* § 540 (2022) ("In order that a valid charging lien may exist, it is essential that there exist some subject matter to which such lien may attach.").

In this case, the Moving Firms say that they want to attach a lien to the "settlement proceeds." But what the Moving Firms really want is an order garnishing Performance Compensation Payments that Defendants may be required to pay Plaintiff Luster in the future, pursuant to the terms of the Consulting Agreement. I am skeptical that Delaware law gives the Moving Firms any interest in those future payments because Luster's right to receive them existed before this litigation. The fact that the parties' settlement agreement purported to preserve this Court's jurisdiction to resolve future disputes over Performance Compensation Payments due under the Consulting Agreement does not change the fact that Luster's right to receive those payments did not arise from the settlement agreement. No one has cited, and the Court has not found, any case from Delaware (or any other jurisdiction) where an attorney attempted to assert, after settlement amounts had already been paid and the adversary relieved from the judgment, an attorney's charging lien in the form of a garnishment on a client's contractual right to receive future payments where the client's right did not derive from the efforts of his attorneys in the litigation.

7

For another thing, these litigations have already been disposed of by the Court. The settlement funds have already been distributed and the cases are closed. There is nothing left to litigate in the underlying actions, and the Court is not in control of any funds. Whether a basis in law for an attorney's charging lien exists in these circumstances, and the amount of such a lien, is "a purely collateral dispute based on a contractual relationship" between Plaintiffs and their attorneys. *Susquenita School. Dist. v. G.W. ex rel. A.P.*, No. 10-1897, 2012 WL 1268219, at *3 (M.D. Pa. Apr. 13, 2012) (denying former attorneys' motion to intervene under Rule 24).

Yet another thing: because the Moving Firms can bring a breach of contract action directly against Plaintiffs in state court to recover their unpaid fees (which were billed hourly), they have not shown that their interests would be impaired by denying intervention in this action. *Susquenita*, 2012 WL 1268219, at *4 ("The present matter does not concern attorney's fees, and the settlement negotiated does nothing to impair [the putative intervenors'] right to whatever fees they may be owed."); *see also Joy B. v. Freehold Reg'l Sch. Dist.*, No. 20-17285, 2021 WL 3773651, at *3 (D. N.J. Aug. 25, 2021) (denying attorney's motion to intervene under Rule 24 in part because "the funds to pay any attorneys' fees, costs, and interest to [the putative intervenor] can come from any source, negating the need for [the putative intervenor] to intervene in this case").

Accordingly, the Moving Firms are not entitled to intervene as of right under Rule 24(a).

### B.  Rule 24(b) permissive intervention

In the alternative, the Moving Firms request the Court permit intervention under Rule 24(b). But even if all of the Rule 24(b) requirements were met and a charging lien were appropriate (which, as mentioned, are questionable), the Court would nevertheless exercise its discretion to deny intervention under these circumstances.

Again, the Moving Firms have adequate alternative means of asserting their rights in the form of separate breach of contract actions. *See* 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1913 (3d ed. 1998) ("If the would-be intervenor already is a party to other litigation in which the intervenor's rights can be fully determined, or if there is another adequate remedy available to protect the intervenor's rights, this may persuade the court to deny leave to intervene.") (collecting cases); *cf. Korioth v. Brisco*, 523 F.2d 1271, 1279 n.25 (5th Cir. 1975) ("When [a putative intervenor] has other adequate means of asserting its rights, a charge of abuse of discretion in the denial of a motion for permissive intervention would appear to be almost untenable on its face."). There is little to no efficiency to be gained by litigating the present fee dispute in this forum. By the time the Moving Firms filed their motion, the settlement funds had been paid and the Court no longer had any control over them. The cases have now been closed for months. What's more, permitting intervention could prejudice Defendants, who understandably want to extricate themselves from these matters.

The Court will exercise its discretion to deny intervention under Rule 24(b).

## IV.    CONCLUSION

For the forgoing reasons, the Moving Firms' Motion to Intervene and Assert Charging Lien (C.A. No. 18-503, D.I. 171; C.A. No. 18-553, D.I. 142; C.A. No. 19-1522, D.I. 69) is DENIED.